## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 6927**

| | |
|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, ) ) ) | |
| ) | Case No. |
| Plaintiff, ) ) | **JUDGE ASPEN** |
| ) | Judge: **MAGISTRATE JUDGE DENLOW** |
| v. ) ) | |
| ) | Magistrate Judge: **FILED** |
| TASER INTERNATIONAL, INC., a corporation, ) ) ) | Removed from the Circuit Court of **DECEMBER 10, 2007** Cook County, Illinois, Law Division |
| Defendant. ) ) | Case No. 07 L 013054 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |

### NOTICE OF REMOVAL

Defendant, TASER INTERNATIONAL, INC. ("TASER"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action filed by Plaintiff, CORRIE CUNNINGHAM ("Plaintiff"), as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased ("Decedent"), from the Circuit Court of Cook County Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, which is the judicial district and division in which the action is pending, on the following grounds:

1.     Removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332, had the action originally been brought in this Court.

2.     On November 19, 2007, Plaintiff filed an action in the Law Division of the Circuit Court of Cook County, Illinois, entitled *Corrie Cunningham, as Special Administrator of the Estate of Hansel Cunningham, III, Deceased v. TASER International, Inc.,* Case No. 07-L-013054. A true and correct copy of the Complaint at Law, with exhibits, and all process served

on TASER is attached hereto as Exhibit A.

3.    This is an action over which this District Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the aggregate sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.    For purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...." 28 U.S.C. § 1332(c)(2); *see also*, *Culbertson v. Libco Corp.*, 983 F.2d 82, 85 (7th Cir. 1993).

5.    The Decedent is a resident of Illinois. (Complaint, Count I, ¶ 7). Thus, Plaintiff is deemed to also be a citizen of Illinois.

6.    While Plaintiff's Complaint does not identify TASER's citizenship, TASER is a Delaware corporation having its principal place of business at 17800 North 85th Street, Scottsdale, Arizona 85255.

7.    For purposes of determining the amount in controversy, a defendant can aggregate two or more separate and distinct claims of a plaintiff in order to effectuate removal. *See Hanlon v. XY Tool & Die, Inc.*, No. 04 C 410, 2004 U.S. Dist. LEXIS 6675, *6-8 (N.D. Ill. Apr. 15, 2004) (It was apparent on the face of the plaintiff administrator's complaint that removal was proper because the amounts sought in the claims for wrongful death and survival, when aggregated, were in excess of $75,000) (attached hereto as Exhibit B); *Connolly v. Volvo Trucks N. Am., Inc.*, 208 F.R.D. 600, 601-02 (N.D. Ill. 2002) (Defendant manufacturer was allowed to aggregate the plaintiff administrator's wrongful death and survival claims in order to effectuate removal) (attached hereto as Exhibit C).

8.    Plaintiff alleges two claims for wrongful death, one based on strict liability

(Count I) and the other based on negligence (Count III). (Complaint, pp. 1, 9.) Plaintiff also alleges two survival claims, one based on strict liability (Count II) and the other based on negligence (Count IV). (Complaint, pp. 5, 13.) Wrongful death and survival are distinct causes of action having their own basis for recovery. *Hanlon*, 2004 U.S. Dist. LEXIS 6675, at *7 (quoting *Varelis v. Northwestern Mem'l Hosp.*, 167 Ill. 2d 449, 456, 657 N.E.2d 997, 1001 (1995) ("[B]oth a survival action…and a wrongful death action may be pursued for injuries caused by the same conduct.")). For each of Plaintiff's claims, Plaintiff seeks damages in excess of $50,000. (Complaint, pp. 5, 9, 13, 16.) Thus, the matter in controversy exceeds the aggregate sum of $75,000.

9.     Because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and because Plaintiff is a citizen of a different state than TASER, diversity jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332, and the lawsuit is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a).

10.     Removal of this action to this Court also is proper under 28 U.S.C. § 1441(b) because, as set forth above, no party properly joined as a defendant is a citizen of the State of Illinois in which this action has been brought.

11.     Removal of this action is not prohibited by 28 U.S.C. § 1445.

12.     TASER filed this Notice of Removal within thirty (30) days of the date when this action became removable, and within the time prescribed for filing this Notice of Removal under 28 U.S.C. § 1446. Plaintiff served a summons and a copy of the Complaint on TASER on November 27, 2007. *See* Ex. A.

13.     Written notice of the filing of TASER's Notice of Removal has seen served on counsel for Plaintiff as evidenced by the attached Certificate of Service. A true and correct copy

of TASER's Notice of Removal, with attached exhibits, has been filed with the Clerk of the Circuit Court of Cook County, State of Illinois.

WHEREFORE, Defendant, TASER International, Inc., hereby removes this action from the Circuit Court of Cook County, Illinois, to this United States District Court.

Respectfully submitted,

TASER International, Inc.

By: _____
    One of its Attorneys

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:    317.236.1313
Facsimile:    317.231.7433
E-mail:       jmaley@btlaw.com

David T. Ballard
James E. Michel
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606-2833
Telephone:    312.357.1313
Facsimile:    312.759.5646
E-mail:       dballard@btlaw.com
              jmichel@btlaw.com

Attorneys for Defendant,
TASER International, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served this 10th day of December 2007, by hand delivery and by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to the following counsel of record:

> Richard F. Burke, Jr.
> Shannon M. McNulty
> Sean P. Driscoll
> CLIFFORD LAW OFFICES, P.C.
> 120 N. LaSalle Street
> 31[st] Floor
> Chicago, Illinois 60602

James E. Michel

CHDS01 436601v1

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/27/2007
CT Log Number 512825672

**TO:**  Doug Klint, VP General Counsel
Taser International, Inc.
17800 North 85th Street
Scottsdale, AZ 85255

**RE:**  **Process Served in Arizona**

**FOR:**  Taser International, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Corrie Cunningham, as special administrator of the Estate of Hansel Cunningham, III, Deceased, Pltf. vs. Taser International, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit |
| **COURT/AGENCY:** | Circuit Court, Cook County, IL<br>Case # 2007L013054 |
| **NATURE OF ACTION:** | Wrongful Death - Due to conductive energy devices - X00-102062 and X00-129663 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/27/2007 at 13:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Shannon M. McNulty<br>Clifford Law Offices, P.C.<br>120 N. LaSalle St.<br>31st Floor<br>Chicago, IL 60602<br>312 899 9090 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790882174276<br>Image SOP - Page(s): 19<br>Email Notification, Doug Klint doug@taser.com<br>Email Notification, Michael Brave brave@laaw.com<br>Email Notification, Kelly Welz kwelz@taser.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Loren Bates<br>2394 E. Camelback Road<br>Phoenix, AZ 85016<br>602-277-4792 |

Page 1 of  1 / AM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11-27-07    1355
R. BUFFEWSTER #1262

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS**          **SUMMONS** | **(7-90) CCG-I** |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW   DIVISION**

CORRIE CUNNINGHAM, as Special Administrator of )
the Estate of HANSEL CUNNINGHAM, III, Deceased, )
                                       )
            Plaintiff,       )
                                         )
v.                                         )
                                         )
TASER INTERNATIONAL, INC., a corporation,   )
                                         )
            Defendant.    )

No.

2007L013054
CALENDAR/ROOM P
TIME 00:00
Product Liability

**PLEASE SERVE:**
TASER INTERNATIONAL, INC.,
c/o Registered Agent: CT Corporation System
2394 E. Camelback Road
Phoenix, AZ 85016

### SUMMONS

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room * **801** , Chicago, Illinois 60602, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall  be returned so endorsed. This summons may not be served later than 30 days after its date.

                        WITNESS, _**NOV 1 9 2007**_ ,20_____

| | |
|---|---|
| Name | CLIFFORD LAW OFFICES, P.C. |
| Attorney | for Plaintiff |
| Address | 120 North LaSalle Street, Suite 3100 |
| City | Chicago, Illinois 60602 |
| Telephone | 312/899-9090 |
| Atty. No. | 32640 |

**DOROTHY BROWN, Clerk of court**

**Date of service:** _____,20_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
County Division Room 801

Chancery-Divorce Division Room 802
Probate Division Room 12

RFB/SMM/          05-0152

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special | ) | |
| Administrator of the Estate of | ) | 2007L013054 |
| HANSEL CUNNINGHAM, III, Deceased, | ) | CALENDAR/ROOM |
| | ) | TIME 00:00 |
| Plaintiff, | ) | Product Liability |
| v. | ) | No. |
| | ) | |
| TASER INTERNATIONAL, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

**COUNT I**

**STRICT LIABILITY**

**WRONGFUL DEATH**

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL

CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the

Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as

follows:

1.      On and before November 20, 2005, Defendant, TASER, was engaged in the business

of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and

selling conductive energy devices (commonly known as "tasers") and their related parts and

accessories.

2.      On and before November 20, 2005, Defendant, TASER, as part of its customary

business activities, evaluated, recommended and outfitted clients, including law enforcement

agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model

of tasers, and related parts and accessories, for a particular client's use and needs.

3.     On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.     On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.     On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.     On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices , and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

7.     On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was

2

lawfully on the premises.

8.      On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.      On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

3

13.    On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

14.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

15.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

16.    HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

4

17.     CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

## STRICT LIABILITY

## SURVIVAL

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.     On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.     On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model

5

of tasers, and related parts and accessories, for a particular client's use and needs.

3.　　On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.　　On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.　　On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.　　On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

7.　　On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was

lawfully on the premises.

8.    On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.    On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.    On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

7

13.     On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

14.     On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

    a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

    b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

    c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

    d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

    e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

    f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

15.     As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

16.     CORRIE CUNNINGHAM, the Mother of Decedent, HANSEL CUNNINGHAM, is

8

the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III

## NEGLIGENCE

## WRONGFUL DEATH

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

9

3.     On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.     On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.     On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.     On and before November 20, 2005, Defendant, TASER, had a duty to exercise ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices , and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

7.     On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

8.     On November 20, 2005, members of the Des Plaines Police Department were called

10

to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.     On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

13.     On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent

11

in one or more of the following ways:

    a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

    b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

    c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

    d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

    e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

    f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

14.    As a proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

15.    HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

16.    CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER

INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT IV**

**NEGLIGENCE**

**SURVIVAL**

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

3.    On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured,

13

assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.      On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.      On and before November 20, 2005, Defendant, TASER, had a duty to exercise ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices , and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

7.      On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

8.      On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.      On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL

14

CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

13.     On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent in one or more of the following ways:

a.     said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

b.     said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

c.     said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

15

d.      defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e.      defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f.      defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

14.     As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

15.     CORRIE CUNNINGHAM, the Mother of Decedent, HANSEL CUNNINGHAM, is the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorney for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Atty. No.: 32640

SMM/sjs    05-0152

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special | ) | |
| Administrator of the Estate of | ) | |
| HANSEL CUNNINGHAM, III, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| TASER INTERNATIONAL, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, by one of her attorneys, SHANNON M. McNULTY, being first duly sworn under oath, states as follows:

1.    That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2.    That the total money damages sought in this civil action exceed the amount of $50,000.00.

Further Affiant Sayeth Not.


By: _SHANNON M. McNULTY_
    SHANNON M. McNULTY


[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.

# EXHIBIT B

LEXSEE 2004 US DIST LEXIS 6675

**PHYLLIS HANLON, as Special Administrator of the Estate of THOMAS HANLON, Deceased, Plaintiff, v. XY TOOL & DIE, INC., Defendant.**

**No. 04 C 410**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2004 U.S. Dist. LEXIS 6675*

**April 15, 2004, Decided**

**DISPOSITION:**    Action remanded to state court.

**COUNSEL:** [*1] For PHYLLIS HANLON, as Special Administrator of est Thomas Hanlon, plaintiff: John Gerard Kelly, Law Offices of John G. Kelly, Chicago, IL.

For XY TOOL & DIE INC., defendant: Carrie A. Durkin, Tracy C. Beggs, Matthew Dean Walker, Litchfield Cavo, Chicago, IL.

**JUDGES:** John F. Grady, United States District Judge.

**OPINION BY:** John F. Grady

**OPINION**

**MEMORANDUM OPINION**

Defendant has removed this action from the Circuit Court of Cook County, Illinois to this court. For the reasons stated below, the court *sua sponte* remands the case to state court.

**BACKGROUND**

Plaintiff Phyllis Hanlon, Special Administrator of the Estate of her deceased husband, Thomas Hanlon ("decedent"), brought this wrongful death and survival action against Defendant XY Tool & Die, Inc. in Illinois state court. Plaintiff is an Illinois citizen and defendant is an Indiana corporation with its principal place of business in Indiana.

The complaint states that on June 6, 2003, the decedent, as part of his employment, was operating an allegedly defective "clutch test machine" which was manufactured by defendant. The decedent suffered fatal injuries while operating the machine "when [it] crushed him due to [*2] the lack of continuous functioning horizontal light curtains designed to guard and prevent entry of employees into points of operation." (Compl., p. 2.)

The complaint asserts wrongful death claims on both products liability and negligence theories (Counts I & II, respectively), and a survival claim premised on products liability (Count III). Each count contains a separate request for damages "in an amount in excess of the jurisdictional amount of this Court." (Compl., pp. 4, 6.) [1] Plaintiff filed the complaint on November 3, 2003, and served it upon defendant on November 7, 2003. On December 19, 2003, defendant served plaintiff with a request to admit that the action sought damages in excess of $ 75,000. Defendant received an unqualified admission to that effect on January 20, 2004. The following day, defendant removed the action to federal court.

1    The division of the Circuit Court of Cook County in which the case was brought, known as the Law Division, has a jurisdictional amount in controversy requirement of $ 50,000.

[*3] **DISCUSSION**

*Section 1441(a) of Title 28* permits a defendant in a civil action brought in state court to remove the case to a federal district court which would have had original jurisdiction over the case, by virtue of either diversity of citizenship or the presence of a federal question. See *28*

*U.S.C. § 1441.* Defendant's notice of removal invokes this court's diversity jurisdiction which requires that the suit is between citizens of different states and that the amount in controversy exceeds $ 75,000. See *28 U.S.C. § 1332(a)(1).* Both requirements are met in this case. But that is not the end of the matter. To effect a removal, a defendant also must comply with the procedures in *28 U.S.C. § 1446.* Section *1446(b),* the subsection relevant here, outlines the timeliness requirements for removal. The first paragraph of that section provides:

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

[*4] *28 U.S.C. § 1446(b).* The second paragraph reads:
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by *section 1332* of this title more than 1 year after commencement of the action.

Id.

     Removal in the Northern District of Illinois is also governed by *Local Rule 81.2,* which mandates that when a defendant seeks to remove an action from an Illinois state court based on diversity, and where the complaint does not contain an express *ad damnum* exceeding the jurisdictional amount in controversy, the defendant must include two items in the notice of removal: (i) a statement of defendant's good faith belief that the amount in controversy exceeds the jurisdictional amount, and (ii) an interrogatory response or admission by the plaintiff stating either that the damages sought are indeed in [*5] excess of $ 75,000, or that plaintiff declines to agree that damages will not exceed $ 75,000. See *N.D. Ill. L.R. 81.2*

. Under the Local Rule, receipt by the removing defendant of the second item constitutes the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of *28 U.S.C. § 1446(b).* [2] See id.

>     2   Local Rule 81.2 must be read in conjunction with *section 1446(b)* and cannot conflict with or override the terms of the statute. See *Weigand v. The Paul Revere Life Ins. Co., 1998 U.S. Dist. LEXIS 3562, No. 97 C 8880, 1998 WL 142365, at *3 (N.D. Ill. Mar. 19, 1998).*

     It is clear that defendant did not file its notice of removal within thirty days of receiving a copy of the complaint as required by the first paragraph of *section 1446(b).* Therefore, the removal is timely only if defendant can invoke the section's second paragraph, that is, "[if] the case stated by the initial pleading is not removable," and the case [*6] was removed within thirty days of receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *28 U.S.C. § 1446(b).*

     Defendant's notice of removal asserts that it could not have ascertained that the action sought damages in excess of $ 75,000, and was thus removable, until it received plaintiff's *Local Rule 81.2* admission on January 20, 2004. We disagree.

     It is true, as defendant maintains, that no single *count* contains a prayer for relief in excess of $ 75,000. However, "the diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up to the minimum." *Herremans v. Carrera Designs, 157 F.3d 1118, 1121 (7th Cir. 1998)* (citations omitted). This complaint alleges three counts, each of which contains an express *ad damnum* for an amount exceeding $ 50,000. It appears that Counts I and II, the wrongful death counts, are essentially one claim pled under alternative legal theories, which precludes their aggregation. [*7] There is no impediment, however, to aggregating the wrongful death claim (Counts I and II) and the survival claim (Count III). These are distinct causes of action, each with its own basis for recovery. See *Varelis v. Northwestern Mem'l Hosp., 167 Ill.2d 449, 456, 657 N.E.2d 997, 212 Ill.Dec. 652 (1995)* ("Both a survival action and a wrongful death action may be pursued for injuries caused by the same

conduct.") (internal citations omitted.) [3] So had plaintiff chosen to file this action in federal court instead of Illinois state court, this court would have had original jurisdiction pursuant to *28 U.S.C. § 1332(a)(1)* because plaintiff's express *ad damnums* of $ 50,000 for her independent wrongful death and survival claims could be aggregated to total $ 100,000.

> 3    The *Illinois Wrongful Death Act* provides a cause of action for the benefit of a deceased person's surviving spouse and next of kin to compensate them for their losses. See *740 ILCS 180/1 & 2.* The *Illinois Survival Act*, on the other hand, contemplates an action to recover damages for the deceased person's injuries sustained prior to death. See *755 ILCS 5/27-6.* See generally *Patch v. Glover, 248 Ill. App. 3d 562, 573, 618 N.E.2d 583, 188 Ill. Dec. 13 (1st Dist. 1993).*

[*8] And just as plaintiff could have aggregated her claims to establish original jurisdiction, defendant could have done so to effect a removal. See *Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997)* ("Removal is proper over any action that could have originally been filed in federal court."). Therefore, it was apparent (or should have been) from the face of the complaint that this case was removable. Defendant's reliance on the second paragraph of *section 1446*, which by its own terms applies only "[if] the case stated by the initial pleading is not removable," is simply misguided.

*28 U.S.C. § 1446(b).* As for *Local Rule 81.2*, that provision never should have come into play because no discovery was required to determine that the complaint sought damages in excess of $ 75,000. See *N.D. Ill. L.R. 81.2 Committee Comment* ("This rule outlines a procedure to be followed in cases where the complaint filed in state court does not, on its face, indicate that the amount in controversy exceeds the jurisdictional amount specified by *28 U.S.C. § 1332(a).*")

Accordingly, because defendant could have ascertained [*9] the removability of the case upon its receipt of the complaint, the notice of removal, filed seventy-four days thereafter, is untimely under *28 U.S.C. § 1446(b).* In light of our ruling, defendant's motions to dismiss for lack of jurisdiction and, alternatively, to transfer the case to the Northern District of Indiana are denied as moot.

**CONCLUSION**

For the foregoing reasons, we *sua sponte* remand this case to the Circuit Court of Cook County, Illinois. The Clerk of Court is directed to mail a certified copy of the remand order forthwith.

DATE: April 15, 2004

John F. Grady, United States District Judge

# EXHIBIT C

LEXSEE 208 FRD 600

**DIANE CONNOLLY, Plaintiff, v. VOLVO TRUCKS NORTH AMERICA, INC., Defendant.**

**No. 02 C 2900**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*208 F.R.D. 600; 2002 U.S. Dist. LEXIS 13154*

**July 18, 2002, Decided**

**DISPOSITION:**    [**1] Plaintiff's motion to remand the instant case denied.

**COUNSEL:** For DIANE CONNOLLY, executor plaintiff: James Paul Costello, James Paul Costello, Ltd., Chicago, IL.

For VOLVO TRUCKS, NORTH AMERICA, INC., defendant: Wayne F. Plaza, Charles Anthony Lemoine, Rooks, Pitts & Poust, Chicago, IL.

**JUDGES:** Robert W. Gettleman, United States District Judge.

**OPINION BY:** Robert W. Gettleman

**OPINION**

[*600] **MEMORANDUM OPINION AND ORDER**

Plaintiff, Diane Connolly, Special Administrator of the Estate of her deceased husband, John Connolly ("decedent"), filed a three-count complaint in Illinois state court against defendant, Volvo Trucks North America, Inc., the manufacturer of the allegedly defective vehicle that caused decedent's death. Count I, brought under the Illinois Survival Act, seeks damages for the "pain and suffering and disability" suffered by decedent prior to his death. Count II, a wrongful death claim, seeks damages to compensate decedent's survivors for their pecuniary loss as a result of decedent's death. Count III, brought under the Family Expense Act, seeks damages to compensate plaintiff for the "necessary bills for medical,

hospital, and funeral expenses" she was forced to incur as a result [**2] of decedent's death. Each of plaintiff's claims requests "a fair and reasonable sum in excess of . . . $ 50,000." Defendant removed plaintiff's suit to this court, stating in its notice of removal that, "Upon information and belief, Plaintiff, in fact, seeks an amount in excess of $ 75,000 in damages in this lawsuit." Plaintiff has filed a motion to remand the instant suit back to Illinois state court. For the reasons explained below, plaintiff's motion is denied.

Plaintiff is correct that defendant has the burden of establishing that jurisdiction is proper in this court because the amount in controversy in the instant suit meets the [*601] $ 75,000 requirement under *28 U.S.C. § 1332(a)(1)*. (The parties do not contest that diversity of citizenship exists between them.) The court disagrees with plaintiff's conclusion, however, that the instant case must be remanded because defendant failed to comply with Local Rule 81.2, which sets forth procedures governing removals and remands.

Local Rule 81.2 provides that when a plaintiff's complaint "does not contain an express *ad damnum* as to at least one claim asserted by at least one plaintiff, in an amount exceeding [$ [**3] 75,000] . . . that is based on express allegations in that claim in conformity with that *ad damnum*," the defendant must comply with certain procedural requirements, [1] which the parties agree defendant did not comply with here. According to plaintiff, because none of her three claims, taken individually, contain an express *ad damnum* exceeding $ 75,000, defendant's failure to comply with one of the procedural requirements of Local Rule 81.2 is fatal to its removal attempt.

208 F.R.D. 600, *601; 2002 U.S. Dist. LEXIS 13154, **3

1  When applicable, Local Rule 81.2 requires that the notice of removal include,

> in addition to any other matters required by law: (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and (2) with respect to at least one plaintiff in the Illinois action, either--(A) a response by such plaintiff to an interrogatory or interrogatories . . . as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional mount; or (B) an admission by such plaintiff in response to a request for admissions . . . or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request . . . in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

[**4]  Plaintiff's argument overlooks the fact that in an appropriate case a plaintiff may aggregate her separate claims to meet the jurisdictional amount. In *Herremans v. Carrera Designs, 157 F.3d 1118, 1121 (7th Cir. 1998)*, the court held that, "The diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, *28 U.S.C. § 1332(a)*, not over counts, thus permitting [a] plaintiff to aggregate the stakes in . . . separate claims or counts to come up to the minimum." And there is no danger that plaintiff's claims in the instant case are actually "one claim pleaded in the alternative under separate legal theories," which prohibited aggregation (and therefore the defendant's attempt to remove) in *Holmes v. Boehringer Ingelheim Pharms., Inc., 158 F. Supp. 2d 866 (N.D. Ill. 2001)*. In the instant case, unlike Holmes, plaintiff alleges three

separate claims, each with its own asserted basis for damages. Thus, the court concludes that had plaintiff chosen to file the instant suit in this court instead of in Illinois state court, this court would have had original jurisdiction [**5] pursuant to *28 U.S.C. § 1332(a)(1)* because plaintiff's express *ad damnum* of $ 50,000 for each of her three independent claims could be aggregated to total $ 150,000.

What is good for the goose is--at least in this instance--good for the gander. If a plaintiff can properly aggregate the *ad damnums* in two or more of her claims to establish original jurisdiction in federal court, then the defendant in the same suit can do so to effectuate removal. The applicable portion of the federal removal statute provides that, "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *28 U.S.C. § 1441(a)*. The Seventh Circuit has interpreted this statute to mean that "removal is proper over any action that could have originally been filed in federal court." Chase v. Shop ' *N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997)*; see also *Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993)* [**6] (explaining that a defendant may remove a case from a state to federal court if federal jurisdiction exists); *Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 31 L. Ed. 2d 612, 92 S. Ct. 1344 (1972)* (same).

Thus, because plaintiff could aggregate the *ad damnums* on the face of her complaint to [*602] surpass the $ 75,000 amount in controversy requirement necessary to establish the court's original jurisdiction, defendant can do so as well to effectuate removal without having to follow the procedural requirements set forth in Local Rule 81.2. Defendant has met its burden of establishing that this court has jurisdiction over plaintiff's claims. Hence, plaintiff's motion to remand the instant case is denied.

This matter is set for a report on status on July 31, 2002, at 9:00 a.m.

**ENTER: July 18, 2002**

**Robert W. Gettleman**

**United States District Judge**