## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special<br>Administrator of the Estate of<br>HANSEL CUNNINGHAM, III, Deceased, | )<br>)<br>)<br>) | Case No.  07 C 6927 |
| Plaintiff, | )<br>) | Judge Marvin E. Aspen |
| v. | )<br>) | Magistrate Judge Morton Denlow |
| TASER INTERNATIONAL, INC.,<br>a corporation, | )<br>)<br>) | Removed from the Circuit Court of<br>Cook County, Illinois, Law Division |
| Defendant. | )<br>) | Case No. 07 L 013054 |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant TASER International, Inc. ("TASER"), by counsel, now answers Plaintiff's

Complaint at Law.   TASER notes that, for ease of future reference, Plaintiff's Complaint

allegations are set forth verbatim, with TASER's responses following each allegation.

### FIRST DEFENSE

### COUNT I

### STRICT LIABILITY

### WRONGFUL DEATH

1.     On and before November 20, 2005, Defendant, TASER, was engaged in the
business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining,
repairing and selling conductive energy devices (commonly known as "tasers") and their
related parts and accessories.

**ANSWER:**    TASER admits the allegations in this paragraph, but denies liability.[1]

2.     On and before November 20, 2005, Defendant, TASER, as part of its
customary business activities, evaluated, recommended and outfitted clients, including law

---

[1] TASER® is a registered trademark of TASER International, Inc. and is not a generic term.

enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

**ANSWER:**   TASER denies the allegations in this paragraph, and denies liability.

3.     On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

**ANSWER:**   TASER admits the allegations in this paragraph, but denies liability.

4.     On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

**ANSWER:**   TASER admits it designs, manufactures, assembles, tests, markets,

distributes, maintains, repairs and sells conductive energy devices, and their related parts and

accessories.   TASER further admits it sold conductive energy devices, including conductive

energy devices with serial numbers X00-102062 and X00-129663, to the Des Plaines Police

Department in Des Plaines, Cook County, Illinois.   TASER denies the remaining allegations in

this paragraph, and denies liability.

5.     On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

**ANSWER:**   TASER denies the allegations in this paragraph, and denies liability.

6.     On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

**ANSWER:** Paragraph 6 of Count I of Plaintiff's Complaint does not state facts on which a cause of action is based. Rather, it contains allegations of law to which no response is required, and therefore TASER denies the allegations in this paragraph, and denies liability.

7.     On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

**ANSWER:** TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

8.     On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

**ANSWER:** TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

9.     On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

**ANSWER:** TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

**ANSWER:** TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two

conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

**ANSWER:**    TASER denies that the TASER devices were the cause of Hansel Cunningham's death.    TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

12.    On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

13.    On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

14.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

      a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

      b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

      c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

      d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

      e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

      f.      defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

**ANSWER:**   TASER denies the allegations in this paragraph, and denies liability.

15.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

**ANSWER:**   TASER denies the allegations in this paragraph, and denies liability.

16.   HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

**ANSWER:**   TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

17.   CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

**ANSWER:**   TASER admits Plaintiff purports to bring a cause of action pursuant to 740 ILCS 180/1, 2 and 2.1 of the Wrongful Death Act of the State of Illinois, but denies any liability hereunder.  TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**<u>ANSWER:</u>**   TASER denies that Plaintiff is entitled to any relief, and TASER denies liability.

## COUNT II

## STRICT LIABILITY

## SURVIVAL

1.     On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

**ANSWER:**     TASER admits the allegations in this paragraph, but denies liability.

2.     On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

**ANSWER:**     TASER denies the allegations in this paragraph, and denies liability.

3.     On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

**ANSWER:**     TASER admits the allegations in this paragraph, but denies liability.

4.     On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

**ANSWER:**     TASER admits it designs, manufactures, assembles, tests, markets, distributes, maintains, repairs and sells conductive energy devices, and their related parts and accessories.  TASER further admits it sold conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, to the Des Plaines Police Department in Des Plaines, Cook County, Illinois.  TASER denies the remaining allegations in this paragraph, and denies liability.

5.    On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

6.    On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

**ANSWER:**    Paragraph 6 of Count II of Plaintiff's Complaint does not state facts on which a cause of action is based. Rather, it contains allegations of law to which no response is required, and therefore TASER denies the allegations in this paragraph, and denies liability.

7.    On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

8.    On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

9.    On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

10.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

11.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

**ANSWER:**    TASER denies that the TASER devices were the cause of Hansel Cunningham's death.  TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

12.    On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiffs Decedent.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

13.    On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

14.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

    a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

    b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

15.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

16.    CORRIE CUNNINGHAM, the Mother of Decedent, HANSEL CUNNINGHAM, is the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

**ANSWER:**    TASER admits that Plaintiff purports to bring a cause of action pursuant to 735 ILCS 5/13-209 of the Survival Act of the State of Illinois, but denies any liability hereunder.    TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER

INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000.00).

    **ANSWER:** TASER denies that Plaintiff is entitled to any relief, and TASER denies

liability.

**COUNT III**

**NEGLIGENCE**

**WRONGFUL DEATH**

    1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

    **ANSWER:**    TASER admits the allegations in this paragraph, but denies liability.

    2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

    **ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

    3.    On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

    **ANSWER:**    TASER admits the allegations in this paragraph, but denies liability.

    4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

    **ANSWER:**    TASER admits it designs, manufactures, assembles, tests, markets,

distributes, maintains, repairs and sells conductive energy devices, and their related parts and

10

accessories. TASER further admits it sold conductive energy devices, including conductive

energy devices with serial numbers X00-102062 and X00-129663, to the Des Plaines Police

Department in Des Plaines, Cook County, Illinois. TASER denies the remaining allegations in

this paragraph, and denies liability.

5.    On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

6.    On and before November 20, 2005, Defendant, TASER, had a duty to exercise ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

**ANSWER:**    Paragraph 6 of Count III of Plaintiff's Complaint does not state facts on

which a cause of action is based. Rather, it contains allegations of law to which no response is

required, and therefore TASER denies the allegations in this paragraph, and denies liability.

7.    On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the

allegations of this paragraph.

8.    On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the

allegations of this paragraph.

9.     On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

**ANSWER:**    TASER denies that the TASER devices were the cause of Hansel Cunningham's death.    TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

13.     On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent in one or more of the following ways:

a.     said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

14.    As a proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

15.    HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this Paragraph.

16.    CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

**ANSWER:**    TASER admits that Plaintiff purports to bring a cause of action pursuant to 740 ILCS 180/1, 2 and 2.1 of the Wrongful Death Act of the State of Illinois, but

13

denies any liability hereunder. TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**ANSWER:** TASER denies that Plaintiff is entitled to any relief, and TASER denies liability.

## COUNT IV

## NEGLIGENCE

## SURVIVAL

1.      On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

**ANSWER:** TASER admits the allegations in this paragraph, but denies liability.

2.      On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

**ANSWER:** TASER denies the allegations in this paragraph, and denies liability.

3.      On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

**ANSWER:** TASER admits the allegations in this paragraph, but denies liability.

4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

**ANSWER:**    TASER admits it designs, manufactures, assembles, tests, markets, distributes, maintains, repairs and sells conductive energy devices, and their related parts and accessories.  TASER further admits it sold conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, to the Des Plaines Police Department in Des Plaines, Cook County, Illinois.  TASER denies the remaining allegations in this paragraph, and denies liability.

5.    On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

6.    On and before November 20, 2005, Defendant, TASER, had a duty to exercise ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

**ANSWER:**    Paragraph 6 of Count IV of Plaintiff's Complaint does not state facts on which a cause of action is based. Rather, it contains allegations of law to which no response is required, and therefore TASER denies the allegations in this paragraph, and denies liability.

7.    On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

8.    On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

9.    On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

10.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

**ANSWER:**    TASER is without information or knowledge sufficient to admit the allegations of this paragraph.

11.    On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

**ANSWER:**    TASER denies that the TASER devices were the cause of Hansel Cunningham's death.  TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

12.    On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

13.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent in one or more of the following ways:

    a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

    b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

    c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

    d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

    e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

    f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

14.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

**ANSWER:**    TASER denies the allegations in this paragraph, and denies liability.

15.    CORRIE    CUNNINGHAM,    the    Mother    of    Decedent,    HANSEL CUNNINGHAM, is the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

**ANSWER:**    TASER admits that Plaintiff purports to bring a cause of action pursuant to 735 ILCS 5/13-209 of the Survival Act of the State of Illinois, but denies any

liability hereunder. TASER is without information or knowledge sufficient to admit the remaining allegations of this paragraph.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**ANSWER:** TASER denies that Plaintiff is entitled to any relief, and TASER denies liability.

## SECOND DEFENSE

Some or all of Plaintiff's claims fail to state a cause of action against TASER upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by the negligent acts or omissions of some third party or third parties, over which TASER exerts no control.

## FOURTH DEFENSE

The comparative fault of the Plaintiff's decedent, Hansel Cunningham, III (including negligence, assumption of risk, incurred risk, and/or failure to mitigate damages) are greater than 50% of the total fault involved in causing the alleged damages, if any, and therefore Plaintiff is barred from any recovery in this matter.

**FIFTH DEFENSE**

The comparative fault of Plaintiff's decedent, Hansel Cunningham, III, was the proximate cause of Plaintiff's alleged damages and such damages, if any, should be diminished in proportion as the damages are attributable to the fault of Plaintiff's decedent, Hansel Cunningham, III.

**SIXTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's alleged damages, if any, were caused by lack of maintenance and/or care and/or alterations and/or misuse of the allegedly defective product or products by the owners or operators of the same or by other persons or entities over which TASER had no duty or control, and such lack of maintenance and/or care and/or alterations and/or misuse was neither intended nor reasonably foreseeable by TASER.

**SEVENTH DEFENSE**

TASER's warnings, design and manufacture of the TASER products which might be at issue in this lawsuit, if any, conformed to the state of the art for such products in the applicable industry.

**EIGHTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, the Plaintiff's claims against TASER may be barred by the doctrines of waiver, accord, satisfaction and laches.

**NINTH DEFENSE**

The conditions that existed at the time of the alleged injuries to Plaintiff's decedent, Hansel Cunningham, III, with respect to the TASER product(s) at issue in this lawsuit, if any, were open and obvious.

**TENTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, any claims against TASER may be barred by the applicable statutes of limitation and/or repose.

**ELEVENTH DEFENSE**

Subject to a reasonable opportunity for investigation and discovery, the alleged injuries of Plaintiff's decedent, Hansel Cunningham, III, resulted, in whole or in part, from an intervening or superseding cause.

**TWELFTH DEFENSE**

TASER should receive credit or a set-off for any payment(s) that Plaintiff received and/or receives from another party or person or entity in connection with the alleged damages.

**THIRTEENTH DEFENSE**

If TASER manufactured or supplied the product or equipment alleged to be involved in this lawsuit, the allegedly defective product complied with the applicable codes, standards, regulations, or specifications of the United States, Illinois, or other agencies for such product.

## FOURTEENTH DEFENSE

Any claims against TASER are barred, in whole or in part, by virtue of Plaintiff's decedent, Hansel Cunningham, III, having knowingly and voluntarily assumed the risk of physical injury.

## FIFTEENTH DEFENSE

To the extent TASER had a duty to warn, or any other duty, TASER discharged that duty.

## SIXTEENTH DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by the negligent acts or omissions of non-parties to this action. To the extent non-parties contributing fault may exist, TASER reserves the right to name such non-parties, as their existence and/or importance is discovered through this case.

## TASER'S GENERAL DENIAL

To the extent TASER has failed to specifically respond to any allegation by Plaintiff in this Complaint, TASER hereby denies the same and denies liability.

TASER reserves the right to amend its affirmative defenses to assert additional affirmative defenses to the extent those defenses are learned through further discovery.

WHEREFORE, Defendant, TASER International, Inc. respectfully prays that Plaintiff takes nothing by her Complaint, for costs, attorneys' fees in this action, and for all other relief just and proper in the premises.

Respectfully submitted,

TASER International, Inc.

By: /s/ James E. Michel
        One of its Attorneys

John R. Maley
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:    317.236.1313
Facsimile:    317.231.7433
E-mail:        jmaley@btlaw.com

David T. Ballard
James E. Michel
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois  60606-2833
Telephone:    312.357.1313
Facsimile:    312.759.5646
E-mail:        dballard@btlaw.com
                jmichel@btlaw.com

Attorneys for Defendant,
TASER International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2007, a copy of the foregoing **Defendant's Answer to Complaint** was filed electronically. Notice of this filing will be sent to the following attorneys by operation of the Court's electronic filing system, and, to those parties not receiving such notice, by U.S. Mail from One Wacker Drive, Chicago, Illinois. Parties may access this filing through the Court's system.

> Richard F. Burke, Jr.
> Shannon M. McNulty
> Sean P. Driscoll
> CLIFFORD LAW OFFICES, P.C.
> 120 N. LaSalle Street
> 31st Floor
> Chicago, Illinois 60602

> /s/ James E. Michel
> James E. Michel

CHDS01 436936v1