RFB/SMM/SPD        05-0152

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, ) ) ) ) Plaintiff, ) v. ) TASER INTERNATIONAL, INC., a corporation, ) ) Defendant. ) | No. 07 C 6927 Judge Aspen |

**PLAINTIFF'S MOTION TO REMAND CASE TO ILLINOIS STATE COURT**

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of Hansel Cunningham, III, Deceased, moves this Honorable Court to remand this cause of action to the Illinois State Court in the Circuit Court of Cook County in accord with 28 USC Section 1447(c), and in support thereof states as follows:

1.   This cases arises out of the use of a conducted energy device by police officers from the City of Des Plaines, Illinois, which resulted in the death of Hansel Cunningham, III on November 25, 2005 at Rimland Services residential care facility in Des Plaines, Illinois.

2.   On November 17, 2006, Plaintiff, Corrie Cunningham, filed a Complaint at Law in the Circuit Court of Cook County against the City of Des Plaines and Rimland Services, an Illinois corporation. (hereto attached as Exhibit A).

3.   On November 19, 2007, Plaintiff filed a Complaint at Law in the Circuit Court of Cook County against Taser International Corporation, an Arizona corporation. (hereto attached as Exhibit B). Subsequently, Taser Corporation filed a Removal Notice for the purpose of removing

this action from the Law Division of the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. Defendant alleges diversity of citizenship since Plaintiff, Corrie Cunningham, is an Illinois citizen, and Defendant, Taser Corporation, is apparently an Arizona corporation.

4. Both causes of action arise out of the same events that took place at the Rimland Services Care Facility located in Des Plaines, Illinois and led to the death of Hansel Cunningham. (*See* Exhibit A and B).

5. Plaintiff now seeks to remand to State court the case against Taser Corporation.

6. It is true that federal courts have a duty to exercise jurisdiction that is conferred upon them by statute; however, that duty is not absolute. *Canada Malting Co. v. Paterson S.S., Ltd.*, 285 U.S. 413, 422 (1932). Indeed, it has often been held that federal courts may decline to exercise their jurisdiction when exceptional circumstances exist where denying a federal forum would serve a countervailing interest and/or when such denial would constitute wise judicial administration. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976)).

7. Wise judicial administration warrants the remand of the above captioned matter. When considering remand for judicial economy, the District Court should consider the conservation of judicial resources, the comprehensive resolution of litigation and the prevention of duplicative litigation. *Colorado River Water Conservation Dist.*, 424 U.S. at 817. See also, *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952).

8. Remanding this case to the Circuit Court of Cook County will eliminate the state-federal concurrent jurisdiction, will help prevent duplicate discovery in both State and Federal Court, and will constitute effective conservation of judicial resources. Additionally, no party to this case,

nor any current Defendant in either action, would be prejudiced since no oral discovery has yet commenced in the pending case against the City of Des Plaines and Rimland Services.

9.     Upon removal, Plaintiff will file a motion in state court to consolidate the two pending actions.  Pursuant to consolidation, the state court will proceed with the two pending cases as if they were a single cause of action.  Diversity Jurisdiction will effectively be eliminated.

WHEREFORE, Plaintiff, Corrie Cunningham, as Special Administrator of the Estate of Hansel Cunningham, III, Deceased, respectfully requests this Court to remand this case to the Circuit Court of Cook County in the State of Illinois.

s/Richard F. Burke
CLIFFORD LAW OFFICES, P.C.

Richard F. Burke
Shannon M. McNulty
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Atty No.: 32640

3