# EXHIBIT A

RFB/SMM 05-0152

STATE OF ILLINOIS   )
                    )
COUNTY OF C O O K   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CORRIE CUNNINGHAM, as Special ) 2006L012069
Administrator of the Estate of ) CALENDAR/ROOM C
HANSEL CUNNINGHAM, III, Deceased, ) TIME 00:00
 ) PI Other
Plaintiff, )
 )
v. ) No.
 )  *Plaintiff demands trial by jury.*
CITY OF DES PLAINES, a municipal corporation, )
RIMLAND SERVICES, a corporation, )
 )
Defendants. )

FILED-12
2006 NOV 17 AM 11:47

## COMPLAINT AT LAW

## COUNT I
## WRONGFUL DEATH - WILLFUL AND WANTON MISCONDUCT

Plaintiff, CORRIE CUNNINGHAM, as Personal Representative of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendants, CITY OF DES PLAINES, a Municipal Corporation (hereinafter "DES PLAINES"), states as follows:

1. On November 20, 2005, and at all times relevant herein, Defendant, DES PLAINES provided City of Des Plaines Police Officers with the official badges and credentials which designated and described them as agents, employees and officers of the Defendant, DES PLAINES.

2. On November 20, 2005, and at all relevant times herein, the CITY OF DES PLAINES

1

Police Officers engaged in the conduct complained of under the color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, CITY OF DES PLAINES, in their capacity as City of Des Plaines Police Officers.

3. On and before November 20, 2005, Rimland Services operated a business that provided residential care for autistic citizens, in and throughout Cook County, Illinois.

4. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of a Rimland Services Care Facility, located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

5. On and before November 20, 2005, HANSEL CUNNINGHAM, exhibited behavior that required medical and/or specialized treatment and/or intervention.

6. On November 20, 2005, members of the Des Plaines Police Department were dispatched for service to the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

7. On November 20, 2005, in response to a call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

8. On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, restrained HANSEL CUNNINGHAM through the use of a conducted energy device (taser gun), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as

others did so, all without provocation.

9.  As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff's decedent, HANSEL CUNNINGHAM, suffered severe injuries that resulted in his death.

10. On November 20, 2005, and at all relevant times, members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, and in acting upon their call, summons and direction, owed a duty to HANSEL CUNNINGHAM to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

11. On November 20, 2005, in breach of said duty, Defendant, DES PLAINES, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

    a. with an utter indifference and conscious disregard for safety, Defendant dangerously and improperly fired conducted energy devices upon Hansel Cunningham;

    b. with an utter indifference and conscious disregard for safety, Defendant dangerously and improperly sprayed Hansel Cunningham in his face with pepper spray, after firing conducted energy devices;

    c. with an utter indifference and conscious disregard for safety, Defendant failed to allow others to render aid and assist Hansel Cunningham while he was unconscious;

    d. with an utter indifference and conscious disregard for safety, Defendant failed to timely request and/or dispatch an ambulance to the scene to assist Hansel Cunningham;

    e. With an utter indifference and conscious disregard for safety, Defendant used a level of force that Defendant knew, or should have known, was excessive;

    f. With an utter indifference and conscious disregard for safety, Defendant caused Hansel Cunningham to ingest and inhale pepper spray, when

       Defendant knew, or should have known, that doing so would interfere with the Decedent's breathing;

g. With an utter indifference and conscious disregard for safety, Defendant used an unreasonable amount of force in relationship to the threat or force posed by the Decedent;

h. With an utter indifference and conscious disregard for safety, Defendant placed Decedent in a face-down three-point hold, causing further interference with Hansel's Cunningham's breathing, when Defendant knew, or should have known, that such a hold was a lethal position;

i. With an utter indifference and conscious disregard for Hansel Cunningham's safety, used excessive force in violation of Des Plaines Police Department's policy which expressly prohibits use of excessive force;

j. With an utter indifference and conscious disregard for Decedent's safety, Defendant utilized a combination of restraint mechanisms that Defendant knew, or should have known, would result in potentially fatal injury;

k. With an utter indifference and conscious disregard for safety, Defendant failed to use any non-lethal means of restraint on Decedent before engaging in multiple forms of lethal restraint;

l. With an utter indifference and conscious disregard for safety, Defendant failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

m. With an utter indifference and conscious disregard for safety, Defendant failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

n. With an utter indifference and conscious disregard for safety, Defendant failed to adequately provide service at a residential facility for autistic persons, when Defendant knew, or should have known, that such persons could not necessarily speak, hear and/or communicate in a typical manner;

o. With an utter indifference and conscious disregard for Decedent's safety, Defendant disregarded established police procedures by employing the use of excessive force when HANSEL CUNNINGHAM was not engaged in the commission of a forcible felony, was not attempting to engage in the commission of a forcible felony and was not engaged in conduct which

would justify the use of such force;

p. With an utter indifference and conscious disregard for Decedent's safety, Defendant utilized dangerous means and methods of restraint when Defendant knew, or should have known, that Decedent was at an increased susceptibility for sudden death if subjected to such means and methods;

q. was otherwise willful and wanton.

12. As a direct and proximate result of Defendant's wilful and wanton acts and omissions, HANSEL CUNNINGHAM suffered injuries, including asphyxiation, resulting in his death on November 20, 2005.

13. HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

14. CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, CITY OF DES PLAINES, a Municipal Corporation for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

### SURVIVAL - WILLFUL AND WANTON MISCONDUCT

Plaintiff, CORRIE CUNNINGHAM, as Personal Representative of the Estate of HANSEL

CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendants, CITY OF DES PLAINES, a Municipal Corporation (hereinafter "DES PLAINES"), states as follows:

1. On November 20, 2005, and at all times relevant times herein, Defendant, DES PLAINES provided City of Des Plaines Police Officers with the official badges and credentials which designated and described them as agents, employees and officers of the Defendant, DES PLAINES.

2. On November 20, 2005, and at all relevant times herein, the CITY OF DES PLAINES Police Officers engaged in the conduct complained of under the color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, CITY OF DES PLAINES, in their capacity as City of Des Plaines Police Officers.

3. On and before November 20, 2005, Rimland Services operated a business that provided residential care for autistic citizens, in and throughout Cook County, Illinois.

4. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of a Rimland Services Care Facility, located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

5. On and before November 20, 2005, HANSEL CUNNINGHAM exhibited behavior that required medical and/or specialized treatment and/or intervention.

6. On November 20, 2005, members of the Des Plaines Police Department were dispatched for service to the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

7.  On November 20, 2005, in response to a call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

8.  On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, restrained HANSEL CUNNINGHAM through the use of a conducted energy device (taser gun), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

9.  As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff's decedent, HANSEL CUNNINGHAM, suffered severe injuries that resulted in his death.

10. On November 20, 2005, and at all relevant times, members of the Des Plaines Police Department, acting as duly authorized agents of Defendant, DES PLAINES, and in acting upon their call, summons and direction, owed a duty to HANSEL CUNNINGHAM to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

11. On November 20, 2005, in breach of said duty, Defendant, DES PLAINES, by and through its agents, employees and officers, was willful and wanton in one or more of the following respects:

   a. with an utter indifference and conscious disregard for safety, Defendant dangerously and improperly fired conducted energy devices upon Hansel Cunningham;

   b. with an utter indifference and conscious disregard for safety, Defendant

7

      dangerously and improperly sprayed Hansel Cunningham in his face with pepper spray, after firing conducted energy devices;

c.    with an utter indifference and conscious disregard for safety, Defendant failed to allow others to render aid and assist Hansel Cunningham while he was unconscious;

d.    with an utter indifference and conscious disregard for safety, Defendant failed to timely request and/or dispatch an ambulance to the scene to assist Hansel Cunningham;

e.    With an utter indifference and conscious disregard for safety, Defendant used a level of force that Defendant knew, or should have known, was excessive;

f.    With an utter indifference and conscious disregard for safety, Defendant caused Hansel Cunningham to ingest and inhale pepper spray, when Defendant knew, or should have known, that doing so would interfere with the Decedent's breathing;

g.    With an utter indifference and conscious disregard for safety, Defendant used an unreasonable amount of force in relationship to the threat or force posed by the Decedent;

h.    With an utter indifference and conscious disregard for safety, Defendant placed Decedent in a face-down three-point hold, causing further interference with Hansel's Cunningham's breathing, when Defendant knew, or should have known, that such a hold was a lethal position;

i.    With an utter indifference and conscious disregard for Hansel Cunningham's safety, used excessive force in violation of Des Plaines Police Department's policy which expressly prohibits use of excessive force;

j.    With an utter indifference and conscious disregard for Decedent's safety, Defendant utilized a combination of restraint mechanisms that Defendant knew, or should have known, would result in potentially fatal injury;

k.    With an utter indifference and conscious disregard for safety, Defendant failed to use any non-lethal means of restraint on Decedent before engaging in multiple forms of lethal restraint;

l.    With an utter indifference and conscious disregard for safety, Defendant failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

8

m. With an utter indifference and conscious disregard for safety, Defendant failed to properly instruct, train and implement a sufficient use of force policy or continuum, consistent with that used by law enforcement agencies in Illinois;

n. With an utter indifference and conscious disregard for safety, Defendant failed to adequately provide service at a residential facility for autistic persons, when Defendant knew, or should have known, that such persons could not necessarily speak, hear and/or communicate in a typical manner;

o. With an utter indifference and conscious disregard for Decedent's safety, Defendant disregarded established police procedures by employing the use of excessive force when HANSEL CUNNINGHAM was not engaged in the commission of a forcible felony, was not attempting to engage in the commission of a forcible felony and was not engaged in conduct which would justify the use of such force;

p. With an utter indifference and conscious disregard for Decedent's safety, Defendant utilized dangerous means and methods of restraint when Defendant knew, or should have known, that Decedent was at an increased susceptibility for sudden death if subjected to such means and methods;

q. was otherwise willful and wanton.

12. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of Defendant, DES PLAINES, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries of a personal and pecuniary nature prior to his death on November 20, 2005, including conscious pain and suffering, fright, terror, stress, panic, mental anguish, emotional distress and suffering, which resulted in physical manifestations and injury, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

13. Plaintiff, CORRIE CUNNINGHAM, is the Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209.

9

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, CITY OF DES PLAINES, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III

## RIMLAND SERVICES

## NEGLIGENCE - WRONGFUL DEATH

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, RIMLAND SERVICES, an Illinois Corporation (hereinafter "RIMLAND"), states as follows:

1. On and before November 20, 2005, Defendant, RIMLAND, operated a business that provided residential care for autistic citizens, in and throughout Cook County, Illinois.

2. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of a Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

3. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM was a developmentally delayed resident and invitee-protectee, of the Rimland Services Care Facility, to whom RIMLAND, an invitor and voluntary custodian, owed the highest duty of care.

4. On and before November 20, 2005, HANSEL CUNNINGHAM exhibited behavior that required medical and/or specialized treatment and/or intervention.

5. On November 20, 2005, members of the Des Plaines Police Department were called

10

for service, by Defendant, RIMLAND, to the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

6. On November 20, 2005, in response to the call for service from RIMLAND, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, and acting upon the call from RIMLAND, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

7. On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, and acting upon their call from RIMLAND, restrained HANSEL CUNNINGHAM through the use of a conducted energy device (taser gun), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

8. As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff's decedent, HANSEL CUNNINGHAM, suffered severe injuries that resulted in his death.

9. On November 20, 2005, in violation of the aforesaid duty, Defendant, RIMLAND, was negligent in one or more of the following ways:

  a. failed to seek proper and timely medical treatment for Hansel Cunningham;

  b. failed to render first aid to Hansel Cunningham when Defendant knew, or should have known, such aid was necessary;

  c. failed to prevent the improper and excessive restraint of Hansel Cunningham;

  d. failed to intervene in the improper and excessive restraint of Hansel Cunningham;

  e. failed to timely request assistance from trained staff at RIMLAND;

  f. failed to provide adequate training to its employees and staff for the proper

    restraint of medicated and/or developmentally delayed residents;

 g. used an unreasonable amount of force in relationship to the threat or force;

 h. failed to follow the internal guidelines and procedures of RIMLAND SERVICES;

 i. failed to adequately monitor and/or supervise Hansel Cunningham;

 j. failed to have a sufficient number of adequately trained staff assigned to the facility at the time of the occurrence;

 k. was otherwise negligent.

10. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, RIMLAND, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

11. HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

12. CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, RIMLAND SERVICES, a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV

## RIMLAND SERVICES

## NEGLIGENCE - SURVIVAL

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III (hereinafter "Hansel Cunningham"), Deceased, complaining of the Defendant, RIMLAND SERVICES, an Illinois Corporation (hereinafter "RIMLAND"), states as follows:

1. On and before November 20, 2005, Defendant, RIMLAND, operated a business that provided residential care for autistic citizens, in and throughout Cook County, Illinois.

2. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of a Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

3. On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM was a developmentally delayed resident and invitee-protectee, of the Rimland Services Care Facility, to whom RIMLAND, an invitor and voluntary custodian, owed the highest duty of care.

4. On and before November 20, 2005, HANSEL CUNNINGHAM exhibited behavior that required medical and/or specialized treatment and/or intervention.

5. On November 20, 2005, members of the Des Plaines Police Department were called for service, by Defendant, RIMLAND, to the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

6. On November 20, 2005, in response to the call for service from RIMLAND, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, and acting upon the call from RIMLAND, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

13

7. On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, and acting upon their call from RIMLAND, restrained HANSEL CUNNINGHAM through the use of a conducted energy device (taser gun), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

8. As a direct and proximate result of the foregoing wrongful and negligent acts, Plaintiff's decedent, HANSEL CUNNINGHAM, suffered severe injuries that resulted in his death.

9. On November 20, 2005, in violation of the aforesaid duty, Defendant, RIMLAND, was negligent in one or more of the following ways:

    a. failed to seek proper and timely medical treatment for Hansel Cunningham;

    b. failed to render first aid to Hansel Cunningham when Defendant knew, or should have known, such aid was necessary;

    c. failed to prevent the improper and excessive restraint of Hansel Cunningham;

    d. failed to intervene in the improper and excessive restraint of Hansel Cunningham;

    e. failed to timely request assistance from trained staff at RIMLAND;

    f. failed to provide adequate training to its employees and staff for the proper restraint of medicated and/or developmentally delayed residents;

    g. used an unreasonable amount of force in relationship to the threat or force;

    h. failed to follow the internal guidelines and procedures of RIMLAND SERVICES;

    i. failed to adequately monitor and/or supervise Hansel Cunningham;

    j. failed to have a sufficient number of adequately trained staff assigned to the facility at the time of the occurrence;

   k. was otherwise negligent.

10. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, RIMLAND, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries of a personal and pecuniary nature prior to his death on November 20, 2005, including conscious pain and suffering, fright, terror, stress, panic, mental anguish, emotional distress and suffering, which resulted in physical manifestations and injury, and had he survived, he would have been entitled to bring this action for damages and this action survives him.

11. Plaintiff, CORRIE CUNNINGHAM, is the Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, RIMLAND SERVICES, a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                                    /s/
                                                  Attorney for Plaintiff

Robert A. Clifford
Richard F. Burke, Jr.
Shannon M. McNulty         Mr. William Hooks
CLIFFORD LAW OFFICES, P.C.   HOOKS LAW OFFICES, P.C.
Attorneys for Plaintiff         Attorneys for Plaintiff
120 N. LaSalle Street         29 South LaSalle Street
31st Floor             Suite 333
Chicago, Illinois 60602        Chicago, Illinois 60603
(312) 899-9090          (312) 553-5252
Atty. No.: 32640          Atty No.: 04737

15

SMM/sjs      05-0152

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: |
| CITY OF DES PLAINES, a municipal corporation, and RIMLAND SERVICES, a corporation, | ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, by one of her attorneys, SHANNON M. McNULTY, being first duly sworn under oath, states as follows:

1. That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2. That the total money damages sought in this civil action exceed the amount of $50,000.00.

Further Affiant Sayeth Not.

By: _____
SHANNON M. McNULTY

[X]   Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.