# EXHIBIT B

RFB/SMM/          05-0152

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special | ) | |
| Administrator of the Estate of | ) | 2007L013054 |
| HANSEL CUNNINGHAM, III, Deceased, | ) | CALENDAR/ROD 4 |
| | ) | TIME 00:00 |
| Plaintiff, | ) | Product Liability |
| v. | ) | No. |
| | ) | |
| TASER INTERNATIONAL, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

### COUNT I

### STRICT LIABILITY

### WRONGFUL DEATH

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL

CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the

Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as

follows:

1.      On and before November 20, 2005, Defendant, TASER, was engaged in the business

of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and

selling conductive energy devices (commonly known as "tasers") and their related parts and

accessories.

2.      On and before November 20, 2005, Defendant, TASER, as part of its customary

business activities, evaluated, recommended and outfitted clients, including law enforcement

agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model

of tasers, and related parts and accessories, for a particular client's use and needs.

3.      On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.      On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.      On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.      On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

7.      On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was

2

lawfully on the premises.

8.     On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.     On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

3

13.    On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

14.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

    a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

    b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

    c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

    d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

    e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

    f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

15.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

16.    HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

4

17.    CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT II**

**STRICT LIABILITY**

**SURVIVAL**

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model

5

of tasers, and related parts and accessories, for a particular client's use and needs.

3.    On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.    On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.    On and before November 20, 2005, Defendant, TASER, had a duty in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices, so as to ensure that said conductive energy devices were not unreasonably dangerous.

7.    On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was

lawfully on the premises.

8.     On November 20, 2005, members of the Des Plaines Police Department were called to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.     On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

7

13.    On and before November 20, 2005, the aforementioned Taser conductive energy devices, and their related parts and accessories, were designed, manufactured, maintained, repaired and sold by Defendant, TASER, with specific advice, recommendation and instruction for use, so as to be unreasonably dangerous.

14.    On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, said devices were in an unreasonably dangerous condition for one or more of the following reasons:

      a.    said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

      b.    said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

      c.    said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

      d.    defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

      e.    defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

      f.    defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

15.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

16.    CORRIE CUNNINGHAM, the Mother of Decedent, HANSEL CUNNINGHAM, is

the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III

## NEGLIGENCE

## WRONGFUL DEATH

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

3.    On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured, assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices, and their related parts and accessories, including conductive energy devices with serial numbers X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des Plaines, Cook County, Illinois.

5.    On and before November 20, 2005, Defendant, TASER, evaluated, recommended, outfitted and trained clients with conductive energy devices, including conductive energy devices with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended, outfitted and trained members of the Des Plaines Police Department.

6.    On and before November 20, 2005, Defendant, TASER, had a duty to exercise ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices , and their related parts and accessories, as well as in the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

7.    On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a developmentally delayed resident of Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was lawfully on the premises.

8.    On November 20, 2005, members of the Des Plaines Police Department were called

10

to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.      On November 20, 2005, in response to the call for service, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, undertook to interfere with and excessively restrain HANSEL CUNNINGHAM at the aforesaid location.

10.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively, assisted as others did so, all without provocation.

11.     On November 20, 2005, various members of the Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices, in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known medical conditions and history, resulting in his death.

12.     On and before November 20, 2005, Defendant, TASER, specifically fitted, recommended, advised and trained the Des Plaines Police Department in the maintenance and use of the Taser conductive energy devices, including for use against individuals with substantially similar medical conditions and history as Plaintiff's Decedent.

13.     On and before November 20, 2005, and at the time the aforesaid conductive energy devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent

11

in one or more of the following ways:

a. said devices subjected individuals, including Plaintiff's Decedent, to excessive and erratic electrical impulses;

b. said devices subjected individuals, including Plaintiff's Decedent, to unnecessary and unreasonable electrical impulses;

c. said devices, and training for said devices, failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices;

d. defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e. defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f. defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

14. As a proximate result of one or more of the aforementioned acts and/or omissions, Plaintiff's Decedent, HANSEL CUNNINGHAM, sustained injuries that resulted in his death on or about November 20, 2005.

15. HANSEL CUNNINGHAM left surviving him parents, CORRIE CUNNINGHAM and HANSEL CUNNINGHAM, who have and will suffer damages of a personal and pecuniary nature, including the loss of society, support, guidance, and companionship of Hansel Cunningham.

16. CORRIE CUNNINGHAM is the duly appointed Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, and brings this cause of action pursuant to the provisions of 740 ILCS 180/1, 2 and 2.1 commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER

INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT IV**

**NEGLIGENCE**

**SURVIVAL**

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, (hereinafter "HANSEL CUNNINGHAM"), Deceased, complaining of the Defendant, TASER INTERNATIONAL, INC., a corporation, (hereinafter "TASER"), states as follows:

1.    On and before November 20, 2005, Defendant, TASER, was engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, maintaining, repairing and selling conductive energy devices (commonly known as "tasers") and their related parts and accessories.

2.    On and before November 20, 2005, Defendant, TASER, as part of its customary business activities, evaluated, recommended and outfitted clients, including law enforcement agencies, and specifically the Des Plaines Police Department, as to the type, size or design and model of tasers, and related parts and accessories, for a particular client's use and needs.

3.    On and before November 20, 2005, Defendant, TASER, engaged in the design, manufacture, assembly, testing, marketing, distribution, maintenance, repair and sale of conductive energy devices, and their related parts and accessories, and conducted business, through their agents and/or representatives, in and throughout Cook County, Illinois.

4.    On and before November 20, 2005, Defendant, TASER, designed, manufactured,

13

assembled, tested, marketed, distributed, maintained, repaired and sold conductive energy devices,

and their related parts and accessories, including conductive energy devices with serial numbers

X00-102062 and X00-129663, sold to and/or utilized by the Des Plaines Police Department in Des

Plaines, Cook County, Illinois.

5.     On and before November 20, 2005, Defendant, TASER, evaluated, recommended,

outfitted and trained clients with conductive energy devices, including conductive energy devices

with serial numbers X00-102062 and X00-129663, for which they evaluated, recommended,

outfitted and trained members of the Des Plaines Police Department.

6.     On and before November 20, 2005, Defendant, TASER, had a duty to exercise

ordinary care in the design, manufacture, assembly, testing, marketing, distribution, maintenance,

repair and sale of conductive energy devices , and their related parts and accessories, as well as in

the evaluation, recommendation, outfitting and training of clients with conductive energy devices.

7.     On and before November 20, 2005, Decedent, HANSEL CUNNINGHAM, was a

developmentally delayed resident of Rimland Services Care Facility located at approximately 843

South Golf Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois, and in that capacity was

lawfully on the premises.

8.     On November 20, 2005, members of the Des Plaines Police Department were called

to respond for service at the Rimland Services Care Facility located at approximately 843 South Golf

Cul De Sac, in Des Plaines, Illinois, Cook County, Illinois.

9.     On November 20, 2005, in response to the call for service, various members of the

Des Plaines Police Department, acting as duly authorized agents of the CITY OF DES PLAINES,

a municipal corporation, undertook to interfere with and excessively restrain HANSEL

14

CUNNINGHAM at the aforesaid location.

10.    On November 20, 2005, various members of the Des Plaines Police Department,
acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation, restrained
HANSEL CUNNINGHAM through the use of conducted energy devices (tasers), pepper spray and
a face-down, three-point hold, with dangerous and unreasonable pressure and/or, alternatively,
assisted as others did so, all without provocation.

11.    On November 20, 2005, various members of the Des Plaines Police Department,
acting as duly authorized agents of the CITY OF DES PLAINES, a municipal corporation,
simultaneously and repeatedly fired, at HANSEL CUNNINGHAM, two conductive energy devices,
in concert with other restraint mechanisms, without regard for HANSEL CUNNINGHAM's known
medical conditions and history, resulting in his death.

12.    On and before November 20, 2005, Defendant, TASER, specifically fitted,
recommended, advised and trained the Des Plaines Police Department in the maintenance and use
of the Taser conductive energy devices, including for use against individuals with substantially
similar medical conditions and history as Plaintiff's Decedent.

13.    On and before November 20, 2005, and at the time the aforesaid conductive energy
devices, with their related parts and accessories, left the control of Defendant, TASER, was negligent
in one or more of the following ways:

      a.    said devices subjected individuals, including Plaintiff's Decedent, to
            excessive and erratic electrical impulses;

      b.    said devices subjected individuals, including Plaintiff's Decedent, to
            unnecessary and unreasonable electrical impulses;

      c.    said devices, and training for said devices, failed to prevent simultaneous and
            repeated exposure to electrical impulses from multiple devices;

15

d.      defendant failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously;

e.      defendant failed to adequately warn users of tasers as to the increased risk of injury associated with the firing of multiple devices simultaneously;

f.      defendant failed to adequately warn intended subjects of the tasers as to the increased risk of injury associated with the conducted energy device.

14.      As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, HANSEL CUNNINGHAM sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to his death on November 20, 2005, and had he survived, he would have been entitled to bring this action for damages, and this action survives him pursuant to the provisions of the Survival Act, 755 ILCS 5/27-6.

15.      CORRIE CUNNINGHAM, the Mother of Decedent, HANSEL CUNNINGHAM, is the duly appointed Independent Administrator of the Estate of HANSEL CUNNINGHAM, Deceased, and brings this cause of action pursuant to the provisions of 735 ILCS 5/13-209, commonly known as the Survival Act of the State of Illinois.

WHEREFORE, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, demands judgment against the Defendant, TASER INTERNATIONAL, INC., a Corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Attorney for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Atty. No.: 32640

SMM/sjs    05-0152

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| TASER INTERNATIONAL, INC., a corporation, | ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased, by one of her attorneys, SHANNON M. McNULTY, being first duly sworn under oath, states as follows:

1.  That the affiant is one of the attorneys of record for the Plaintiff in this matter.

2.  That the total money damages sought in this civil action exceed the amount of $50,000.00.

Further Affiant Sayeth Not.

By: _____
SHANNON M. McNULTY

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.