### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased,  )<br>  )<br>  )<br>  )<br>      Plaintiff,  )<br>v.  )<br>  )<br>  )<br>TASER INTERNATIONAL, INC., a corporation,  )<br>      Defendant.  ) | No. 07 C 6927<br>Judge Aspen |

**PLAINTIFF'S REPLY TO DEFENDANT, TASER INTERNATIONAL, INC.'s RESPONSE to PLAINTIFF'S MOTION TO REMAND**

Plaintiff, CORRIE CUNNINGHAM, Special Administrator of the Estate of HANSEL CUNNIGHAM, Deceased, through her attorneys, CLIFFORD LAW OFFICES, P.C., replies to the Defendant, Taser International, Inc. ("Taser") as follows:

**I.    BECAUSE THE CASES ARE CONCURRENT AND PARALLEL, REMAND IS APPROPRIATE IN THIS MATTER.**

The authority of federal court to abstain from exercising its jurisdiction extends to all cases in which court has discretion to grant or deny relief. *Quakenbush* at *Id*. Under *Colorado River,* abstention is appropriate when considerations of "wise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Mountain Funding, Inc. v. Frontier Ins. Co.,* Not Reported in F.Supp.2d, 2003 WL 21518556 (N.D.Ill.,2003); see also *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952).

The threshold question in determining the applicability of *Colorado River* abstention is whether parallel proceedings exist in both state and federal court. *AAR Int'l, Inc. v. Nimelias Enters. S.A.,* 250 F.3d 510, 518 (7th Cir.2001). Suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* (citing *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir.1990)).

Undisputedly, and contrary to Taser's mischaracterization of the pending state court claim, the instant case and the pending state case are concurrent and parallel (see *Foster v. Velocity Investments, LLC*, 2007 WL 2461665 (N.D.Ill. Aug 24, 2007); see also *Francorp, Inc. v. Siebert*, 210 F.Supp.2d 961 (N.D.Ill. Nov 13, 2001). Equally significant, remanding the instant case to state court will provide complete resolution of the issues between the parties.

Consider the pending state case. (Exhibit 1). Undoubtedly, the City of Des Plaines will contend that there was an absence of excessive force and that the police officers utilized the conducted energy devices (i.e., Tasers) in a manner both intended and expected. Such a defense by the City obviates the need for testimony from Taser as to the manner of device use in the subject incident, and the expected result. Those issues likely speak to the design and functional considerations of the Taser device; again, Taser will testify in any pending proceeding against the City.

Further, the City of Des Plaines will contend that the police department was trained by Taser to utilize the conducted energy devices in the manner demonstrated during the subject occurrence, and that any fatal result from use of the device, consistent with the manufacturer's warnings, is a failure on part of the manufacturer, in this case, Taser, and not a failure on the part of the City or it's police officers.

With certainty, Taser will provide testimony in the pending state case on these points and theories to be raised by the City of Des Plaines. Necessarily, Taser will provide testimony on the intended and expected use and performance of the subject device in law enforcement settings. Essentially, the City and Taser will exchange theories as to why the Decedent sustained fatal injury after being subjected to Defendant's conducted energy device. Consequently, the two cases are absolutely concurrent and parallel, and inextricably linked to the question of who and what proximately caused the death of the decedent. For that reason, Plaintiff filed suit against Taser in state

court, where the other cause of action was already pending.

Although the pending state cause of action involves additional defendants (i.e., Des Plaines and Rimland Services), Taser is absolutely a relevant party in that cause of action, because the defendant's Taser device is the key component that binds the actions of the police officers to the Taser defendant in the now-removed case. Taser's participation in any litigation relating to the subject fatal occurrence is undeniably necessary.

Most notably, the factors cited by Defendant as being relevant to the Court's further analysis of remanding the case, demonstrate the further parallel and concurrent nature of the state case and now-Federal case. For instance, Defendant, Taser, concedes that the state and Federal fora, both located in Chicago, are equally convenient for their participation in this case. Second, Taser concedes that the pending state claim has not proceeded in discovery. That, of course, was due to the fact that the Illinois State Police had to conduct it's investigation in the death of Hansel Cunningham. As part of it's investigation, the Illinois State Police impounded the Taser device for inspection and analysis. The Illinois State Police did so because the Taser device is the key piece of evidence in this incident.

Thirdly, remanding this claim to state court, for consolidation, is the <u>only</u> way to avoid piecemeal litigation. Fourth, state court had initial jurisdiction over the concurrent cases. In fact, prior to the pending state case being filed, there was a Discovery Petition filed in state court. Fifth, there is no federal question; the legal standard is one of state law. Sixth, the plaintiff's rights are protected by the state court forum, particularly in avoidance of inconsistent rulings and/or issue estoppel. The remaining factors cited by Defendant, Taser, have no applicability to the instant cause of action.

It is improper to abstain under *Colorado River* only if there is a <u>substantial doubt</u> that the parallel litigation will provide complete resolution of the issues between the parties.(Emphasis added). *Id.* at 520;*Moses H. Cone Mem'l Hosp.,* 460 U.S. at 28. In the instant cases, there can be no doubt that only the consolidation of the cases in State Court will provide complete resolution of the

3

issues between the parties. As such, abstention under *Colorado River* is appropriate in this case.

II. **ISSUE PRECLUSION, COLLATERAL ESTOPPEL and THE AVOIDANCE OF PIECEMEAL LITIGATION WARRANT REMAND.**

If this Honorable Court does not remand the case for consolidation in state court, the state court and Federal Court will make rulings, in both the discovery phase and at trial, that very likely will result in issue preclusion or estoppel. That is, the state court and Federal Court may issue inconsistent rulings on the same topics that may potentially limit, expand or otherwise affect discovery, evidentiary and/or trial issues relating to the subject occurrence, during the concurrent litigation of these two cases.

Moreover, all parties (i.e., City of Des Plaines, Rimland Services, Taser International) are relevant parties in any litigation relating to the fatal occurrence. Each party will have to appear and provide testimony in discovery and at trial, in each case. As previously noted, if the concurrent cases proceed in both Federal and state court, certain discovery and/or evidentiary rulings may create inconsistencies in the two concurrent cases. Remanding the instant case to state court for it's intended consolidation eliminates these issues of preclusion, estoppel and piecemeal litigation.

III. **DEFENDANTS MISCHARACTERIZES PLAINTIFF'S ACTIONS IN ORDER TO MISLEAD THIS COURT.**

Defendant is not entitled to any award for fees. Contrary to Defendant's inaccurate and offensive characterization, Plaintiff has not acted vexatiously or in bad faith, nor has Defendant offered any meaningful evidence of vexatious behavior or bad faith. Plaintiff has not violated any Court Order or Rule, and Defendant, Taser, in fact, demonstrates vexatious behavior by implying such a preposterous inference.

Plaintiff filed suit against Taser in state court. Unbeknowngst to Plaintiff, Taser was served in a most efficient manner. Plaintiff did not even know that Taser had been served in state court until the Notice of Removal was received from the Federal Court E-Filing system. Taser never contacted

4

Plaintiff to advise or give notice that such a Removal was being sought. Had Plaintiff been advised or provided actual notice, in advance of Taser's Removal, Plaintiff would have advised of the pending state action. In fact, whereas Taser knew exactly who to contact so as to advise of Taser's intention to Remove the cause of action, Plaintiff had no knowledge as to whether Taser had been served, or who represented Taser. As noted, the notice of Removal and Appearances of Counsel, were receieved simultaneously via the Court's e-filing system, and only after the Removal was entered. Consequently, nothing about Plaintiff's conduct could be construed as vexacious, and certainly nothing about Plaintiff's conduct is sanctionable.

Defendant places it's product into a very wide and deep stream of commerce; nation-wide and world-wide. The device itself is frequently the subject of scrutiny and, quite often, litigation. Plaintiff should not be required to pay the price for Taser doing business in Illinois, where there has been no violation of a Court Order or Rule.

## **CONCLUSION**

This Court should exercise its discretion to remand these state law claims back to the Circuit Court of Cook County for further proceedings and ultimately, resolution.

WHEREFORE, Plaintiff, CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased respectfully requests that this Honorable Court enter an Order remanding this matter to the Circuit Court of Cook County.

s/ Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
Attorney for Plaintiff
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
ARDC No: 6281984
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: smm@cliffordlaw.com