## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6927 | **DATE** | 1/29/2008 |
| **CASE TITLE** | Cunningham vs. Taser International, inc. | | |

**DOCKET ENTRY TEXT**

For the reasons described below, we deny Plaintiff's Motion to Remand. (Doc. No. 12) It is so ordered. The ruling date set for 2/28/08 is stricken. A status hearing is set for 3/4/08 at 10:30 a.m.

*[signature: Marvin E Aspen]*

■[ For further details see text below.]      Notices mailed by Judicial staff.

### STATEMENT

(Reserved for use by the Court)

### ORDER

    Presently before us is Plaintiff Corrie Cunningham's ("Plaintiff") Motion to Remand Case to Illinois State Court. This case involves two lawsuits filed by Plaintiff arising from the death of Hansel Cunningham, III ("Hansel"), a developmentally delayed reside of a Rimland Services Care Facility in Des Plaines, Illinois. Plaintiff alleges that on or before November 20, 2005, members of the Des Plaines Police Department were dispatched to a Rimland Services Facility in Des Plaines. Upon arrival, they allegedly restrained Hansel through the use of "conducted energy devices (tasers), pepper spray and a face-down, three-point hold, with dangerous an unreasonable pressure and or, alternatively assisted as others did so, all without provocation." (Complaint ¶ 10). These actions allegedly led to Hansel's death.

    On November 17, 2006, Plaintiff filed a four-count complaint in the Circuit Court of Cook County, Illinois, as Special Administrator of Hansel's estate, against the City of Des Plaines and Rimland Services. Plaintiff's complaint alleged wrongful death and survival claims based upon the alleged willful and wanton misconduct of the City of Des Plaines Police Officers. In addition, Plaintiff brought wrongful death and survival claims based upon the alleged negligence of Rimland Services.

    On November 19, 2007, Plaintiff filed a four-count complaint against Defendant Taser International, Inc. ("Taser") in the Circuit Court of Cook County, Illinois, alleging wrongful death and survival actions based upon theories of strict liability and negligence. On December 10, 2007, Taser properly removed this case to our court premised upon diversity of citizenship. On December 21, 2007, Plaintiff filed a Motion to Remand this case to state court.

    Plaintiff argues that we should remand this case under the *Colorado River* abstention doctrine due to her pending state suit against the City of Des Plaines and Rimland Services. Plaintiff claims that doing so would prevent duplicative discovery and would conserve judicial resources. Additionally, Plaintiff states that if we remand the case, she will move to consolidate her two pending state actions. On the other hand, Taser

**STATEMENT**

argues that we may not abstain from exercising jurisdiction by remanding this case because it is a damages action, and that even if remanding this case were possible, *Colorado River* abstention principles would not apply. Finally, Taser requests attorneys' fees and costs in the event that we grant Plaintiff's motion.

Before applying abstention principles, we must determine whether or not we have the power to remand this case in the first place. The Supreme Court has held that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S. Ct. 1712, 1728 (1996); *see also Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1267 (7th Cir. 1997) ("[I]t is now settled against abstention in suits at law."). In explaining this principle, the Supreme Court noted that abstention principles are not "completely inapplicable in damages actions," however, federal courts may only abstain by staying a damages action, not by dismissing or remanding it. *Quackenbush*, 517 U.S. at 721.

In this case, Plaintiff is seeking only monetary damages based upon tort theories of strict liability and negligence. Because Plaintiff is not seeking equitable or otherwise discretionary relief, it would be inappropriate for us to remand this case based upon abstention principles. *Quackenbush*, 517 U.S. at 731. Therefore, we need not reach whether *Colorado River* abstention principles are applicable to the instant facts.

For the reasons described above, we deny Plaintiff's Motion to Remand. It is so ordered.