**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased,  ) ) ) ) | |
| Plaintiff,  ) | |
| v.  ) | No. 07 C 6927 |
| ) | Judge Aspen |
| TASER INTERNATIONAL, INC., a corporation,  ) Defendant.  ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT TASER INTERNATIONAL, INC.'S FIRST SET OF REQUEST FOR ADMISSION**

Plaintiff CORRIE CUNNINGHAM, as Special Administrator of the Estate of HANSEL CUNNINGHAM, III, Deceased by and through her attorneys CLIFFORD LAW OFFICES, P.C. to respond to the follow request for admission propounded by Defendant, TASER INTERNATIONAL, as follows:

1. Admit that the Decedent had pre-existing medical conditions at the time of the Incident.

*Response*: **Plaintiff objects to the overly broad and vague reference to "pre existing medical conditions." Notwithstanding said objection, Plaintiff admits that the decedent had been previously diagnosed with autism. Plaintiff denies that autism is a pre-existing medical condition that caused decedent's death, as suggested by this request.**

2. Admit that the Decedent was under the influence of drugs at the time of the Incident.

*Response:* **Plaintiff objects to the vague reference, and intended inference, of "under the influence." Plaintiff admits that the Cook County Medical Examiner's report indicates that the Decedent had Olanzapine and Gabapentin in his blood at the time of the occurrence. Plaintiff further admits that both of those medications had been prescribed to the Decedent by appropriate medical personnel.**

3. Admit that the Decedent was under the influence of alcohol at the time of the Incident.

*Response:*　　**Plaintiff denies this request.**

4.　　Admit that the Devices were state of the art at the time of the Incident.

*Response:*　　**Plaintiff objects to the vague and undefined terminology "state of the art." Plaintiff can neither admit nor deny because request no. 4 requires expert opinion and testimony on this subject.**

5.　　Admit that the Devices' packaging was state of the art at the time of the Incident.

*Response:*　　**Plaintiff can neither admit nor deny request no. 5 because Plaintiff has not yet received any evidence of the devices' packaging, and this request requires expert opinion and testimony on this subject.**

6.　　Admit that the Devices' labeling was state of the art at the time of the Incident.

*Response:*　　**Plaintiff objects to the vague and undefined terminology "state of the art." Plaintiff can neither admit nor deny because request no. 6 requires expert opinion and testimony on this subject.**

7.　　Admit that the Devices' warnings were state of the art at the time of the Incident.

*Response:*　　**Plaintiff objects to the vague and undefined terminology "state of the art." Plaintiff can neither admit nor deny because request no. 7 requires expert opinion and testimony on this subject.**

8.　　Admit that the Devices' were not a cause of the death of the Decedent.

*Response:*　　**Plaintiff denies this request.**

9.　　Admit that the Devices serve a valid law enforcement purpose.

*Response:*　　**Plaintiff objects to the overly broad and vague reference to a "valid law enforcement purpose." Plaintiff can neither admit nor deny request no. 9 based on this language. Plaintiff can only admit that the Device apparently has an intended purpose. Request number 9 is not a proper request under Rule 36, insofar as it relates to a matter that is irrelevant and immaterial to the issues in this case.**

10.　　Admit that the Devices were incapable of causing the Decedent's death.

*Response:*　　**Plaintiff denies this request.**

11.　　Admit that individuals have died while being subdued by law enforcement due to natural

causes.

*Response:* **Plaintiff objects to the overly broad nature of this request, and specifically to the term "subdued" and "natural causes." Further, Plaintiff objects to the form of this request as being improper under Rule 36, insofar as it relates to a matter that is irrelevant and immaterial to the issues in this case. Plaintiff can neither admit nor deny this request based upon it's vague and ill-defined content.**

12. Admit that you can identify no specific defect in the Devices, independent of the functionality of the Devices themselves, which you contend renders the Devices unreasonably dangerous.

*Response:* **Plaintiff denies this request.**

13. Admit that a consumer's expectations about the Devices cannot reasonably come from any source beyond the manufacturer supplied warnings.

*Response:* **Objection; Plaintiff can neither admit nor deny request number 13. The request is vague and ill-defined as to the term "consumer" and "expectations." More specifically, Plaintiff is unclear as to who Defendant refers to as a "consumer" or what expectations any such person has. Such information is necessary for Plaintiff to provide a response to this request. Furthermore, Defendant has not provided to Plaintiff the universe of "manufacturer supplied warnings." Finally, this objection is improper under Rule 36 because it does not relate to a matter that is relevant and material to the issues involved in this particular case, and it seeks both opinions and questions of law.**

14. Admit that you cannot identify any source, other than the manufacturer supplied warnings for the Devices, from which the DesPlaines Police Department's ("DesPlaines") expectations about the Devices could reasonably have been derived at the time the Devices were sold by TASER Int'l.

*Response:* **Plaintiff denies this request.**

15. Admit that there was no feasible alternative design for the Devices at the time they were sold by TASER Int'l which would have eliminated any claimed defect without compromising the efficacy of the Devices.

*Response:* **Objection insofar as this request calls for expert opinion and testimony. Notwithstanding said objection, plaintiff denies this request.**

16. Admit that you possess no evidence that there was a feasible alternative design for the Devices at the time they were sold by TASER Int'l which would have eliminated any claimed defect without compromising the efficacy of the Devices.

3

*Response:* **Objection insofar as this request calls for expert opinion and testimony. Notwithstanding said objection, plaintiff denies this request.**

17. Admit that the Devices were not manufactured incorrectly but were manufactured according to TASER Int'l's design specifications.

*Response:* **Objection; Plaintiff is unable to adequately respond to this request because the Defendant has not attached herein TASER Int'l's design specifications or manufacturing procedures. Further, Plaintiff lacks the skill to determine the Defendant's compliance with either it's own internal manufacturing processes and/or design specifications. Furthermore, plaintiff objects to this request because it requires expert opinion and testimony.**

18. Police officers have successfully used TASER® electronic control devices, as an alternative to deadly force, when apprehending violent criminals.

*Response:* **Plaintiff can neither admit nor deny request number 18 as Plaintiff lacks the education and/or personal experience to allow for adequate response to request number 18. Plaintiff does not possess a law enforcement background nor does the Plaintiff have the knowledge of Police Officers using Taser devices as an alternative to deadly force, or even for the apprehension of violent criminals. Further, Plaintiff objects to request number 18 as being irrelevant and immaterial to the subject incident or set of facts.**

19. Admit that police departments, such as DesPlaines, are sophisticated purchasers and are capable of recognizing risks associated with using TASER™ electronic control device.

*Response:* **Plaintiff objects to this request insofar as it refers to the vague and ill defined term, "sophistication of the DesPlaines Police Department." Moreover, Plaintiff lacks knowledge as to who, specifically, within the DesPlaines Police Department, purchased the subject devices. Furthermore, Plaintiff can neither admit nor deny this request insofar as it refers to completely undefined and vague "risks." Finally, this request is improper under Rule 36 because it seeks conclusions, opinions, and characterizations about the DesPlaines Police Department's knowledge of Taser devices.**

20. Admit that TASER Int'l owed no duty of care to you.

*Response:* **Plaintiff denies this request.**

21. Admit that TASER Int'l owed no duty of care to the Decedent.

*Response:* **Plaintiff denies this request.**

22. Admit that any breach of duty owed to you by TASER Int'l was not the proximate cause of any damages you claim.

*Response:* **Plaintiff denies this request.**

23. Admit that any breach of duty owed to the Decedent by TASER Int'l was not the proximate cause of any damages you claim.

*Response:* **Plaintiff denies this request.**

24. Admit that TASER Int'l did not misrepresent to DesPlaines the safety of the Devices used on the Decedent.

*Response:* **Objection; Plaintiff can neither admit nor deny that TASER did not misrepresent to DesPlaines the safety of the devices used on the Decedent. Defendant has not attached any evidence of representation or misrepresentation made to DesPlaines. Discovery has not yet been completed. Consequently, Plaintiff cannot adequately respond to this request.**

25. Admit that TASER Int'l in no way controlled or had any authority to control, the actions of DesPlaines during the Incident.

*Response:* **Objection to the vagueness of this request, specifically relating to "in no way controlled, or had any authority to control." Plaintiff cannot adequately respond to this request because Plaintiff at this time is unaware of any of the contractual agreements between TASER and DesPlaines. Plaintiff is not yet aware of TASER's representations or misrepresentations, and/or training provided to DesPlaines regarding the use of TASER devices. Notwithstanding said objection, upon information and belief, Plaintiff admits that during the incident, the specific conduct of the DesPlaines Police Department officers was not under the control of TASER Int'l.**

26. Admit that the Devices, at the time of sale to DesPlaines, included a warning that communicated dangers that may result from their foreseeable misuse.

*Response:* **Plaintiff objects to this request, as being improper under Rule 36. Defendant has not attached to its request the universe of warnings that were communicated by TASER to DesPlaines regarding dangers that may result from foreseeable misuse. Accordingly Plaintiff lacks sufficient knowledge to admit or deny this request.**

27. Admit that no defect in the design of the Devices contributed to your alleged damages.

*Response:* **Plaintiff objects to this request insofar as it calls for expert opinion and**

5

>   testimony.  Notwithstanding said objection, plaintiff denies this request.

28. Admit that you possess no evidence that a defect in the design of the devices contributed to your alleged damages.

*Response:* **Plaintiff objects to this request insofar as it calls for expert opinion and testimony.  Notwithstanding said objection, plaintiff denies this request.**

29. Admit that no defect in the manufacture of the Devices contributed to your alleged damages.

*Response:* **Plaintiff can neither admit nor deny this request, as Defendant has not provided to Plaintiff the manufacturing guidelines and/or processes to which Defendant refers in this request.  Plaintiff further objects to this request insofar as it requires expert opinion and testimony.**

30. Admit that you possess no evidence that a defect in the manufacturer of the Devices contributed to your alleged damages.

*Response:* **Plaintiff can neither admit nor deny this request, as Defendant has not provided to Plaintiff the manufacturing guidelines and/or processes to which Defendant refers in this request.  Plaintiff further objects to this request insofar as it requires expert opinion and testimony.**

31. Admit that you can identify no specific defect in the design of the Devices.

*Response:* **Objection; Plaintiff contends that this request is duplicative of request number 12.  Plaintiff further objects that this request is improper insofar as it seeks expert opinion and testimony.**

32. Admit that you can identify no specific defect in the manufacture of the Devices.

*Response:* **Objection; Plaintiff contends that this request is duplicative to request to number 17.  Plaintiff further objects to, and can neither admit nor deny this request, because Defendant has not provided to Plaintiff the manufacturing guidelines and/or processes to which Defendant refers in this request.  Plaintiff further objects insofar as this request seeks expert opinion testimony.**

33. Admit that you have no evidence to support your allegation in the Complaint that the Devices used on the Decedent were unreasonably dangerous.

*Response:* **Plaintiff objects to this request insofar as it is unduly vague, relates to questions of law and relates to the ultimate issues in controversy.  Notwithstanding said objection, plaintiff denies this request.**

6

34. Admit that you have no evidence to support your allegation in the Complaint that TASER Int'l was negligent.

*Response:* **Plaintiff objects to this request insofar as it is unduly vague, relates to questions of law and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

35. Admit that you have no factual basis for your allegations in the Complaint that the Devices were unreasonably dangerous and that TASER Int'l was negligent because the Devices "subjected individuals, including [the Decedent], to excessive and erratic electrical impulses."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

36. Admit that you have no factual basis for your allegations in your Complaint that the Devices were unreasonably dangerous and that TASER Int'l was negligent because the Devices "subjected individuals, including [the Decedent], to unnecessary and unreasonable electrical impulses."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

37. Admit that you have no factual basis for your allegations in your Complaint that the Devices were unreasonably dangerous and that TASER Int'l was negligent because the Devices "and training for [the Devices], failed to prevent simultaneous and repeated exposure to electrical impulses from multiple devices."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

38. Admit that you have no factual basis for your allegations in your Complaint that the Devices were unreasonably dangerous and that TASER Int'l was negligent because TASER Int'l "failed to devise and implement adequate training and instruction so as to prevent injury against the firing of multiple devices simultaneously."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

39. Admit that you have no factual basis for your allegations in your Complaint that the Devices

were unreasonably dangerous and that TASER Int'l was negligent because TASER Int'l "failed to adequately warn users of [the Devices] as to the increased risk of injury associated with the firing of multiple devices simultaneously."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

40. Admit that you have no factual basis for your allegations in your Complaint that the Devices were unreasonably dangerous and that TASER Int'l was negligent because TASER Int'l "failed to adequately warn intended subjects of [the Devices] as to the increased risk of injury associated with [the Devices]."

*Response:* **Plaintiff objects to this request insofar as it relates to questions of law, calls for conclusions, and relates to the ultimate issues in controversy. Notwithstanding said objection, plaintiff denies this request.**

### PLAINTIFF'S ANSWER TO PARALLEL INTERROGATORY AND REQUEST FOR PRODUCTION

**Interrogatory No. 1**   For any response to a Request for Admission above that is anything other than an unequivocal admission, state every factual and legal basis, including the source of each fact and legal basis, that supports your response.

*Answer:* **Plaintiff objects to Interrogatory No. 1 as an improper inclusion or attachment to a request to admit. Furthermore, it is an improper interrogatory insofar as it does not seek identification and production of a particular item. On the contrary, this interrogatory improperly seeks attorney work product, factual conclusions, expert opinions and conclusions, and mental impressions relating to the ultimate issues in controversy.**

**Request For Production No. 1**   For any response to a Request for Admission above that is anything other than an unequivocal admission identify all persons and documents supporting your response, and produce all such documents.

*Response:* **Plaintiff objects to Request for Production No. 1 as an improper inclusion or attachment to a request to admit. Furthermore, it is an improper request for production insofar as it does not seek identification and production of a particular fact. On the contrary, this request for production improperly seeks attorney work product, factual conclusions, expert opinions and conclusions, and mental impressions relating to the ultimate issues in controversy.**

                                              s/ Richard F. Burke, Jr.
                                              Attorney for Plaintiff

Richard F. Burke, Jr.
Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
Attorney for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
ARDC No: 03121588
Telephone:  (312) 899-9090
Fax: (312) 251-1160
E-mail: rfb@cliffordlaw.com